LARRY D. DANNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Danner v. Commissioner
Docket No. 232-89
United States Tax Court
T.C. Memo 1992-385; 1992 Tax Ct. Memo LEXIS 404; 64 T.C.M. (CCH) 77; July 8, 1992, Filed *404 Decision will be entered for respondent. For Larry D. Danner, pro se. For Respondent: Lisa K. Hartnett. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1983
$ 10,004.45
$ 500.22
[1]
$ 2,501.11
1984
5,114.43
255.72
[1]
1,278.60
1985
6,505.92
325.30
[1]
1,626.48
All sections references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues presented for decision are: (1) Whether petitioner is entitled to reduce the gross receipts he reported on Schedule C by cost of goods sold. We hold that he is not. (2) Whether petitioner is entitled to certain Schedule C business expense deductions for *405 taxable years 1983, 1984, and 1985. We hold that he is not. (3) Whether petitioner failed to report interest income in taxable year 1983 in the amount of $ 36. We hold that he did. (4) Whether petitioner is entitled to certain Schedule A itemized deductions for taxable years 1983 and 1984. We hold that he is not. (5) Whether petitioner is liable for additions to tax for negligence and a substantial understatement of income tax in each of the taxable years at issue. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are incorporated in this opinion by reference. Petitioner filed joint Federal individual income tax returns with his wife Nadine L. Danner for taxable years 1983, 1984, and 1985. Respondent issued a joint notice of deficiency to petitioner and his wife Nadine L. Danner for these taxable years. Only petitioner filed a petition for redetermination of the deficiencies and additions to tax determined by respondent in this notice of deficiency. At the time petitioner filed his petition, he resided in Lincoln, Nebraska. During all relevant periods of time at issue, petitioner owned and operated a sole proprietorship entitled Commercial *406 Cleaning Service (Commercial Cleaning). Commercial Cleaning provided janitorial services to various businesses on a contractual basis. In each of the years at issue, petitioner reported the income and expenses of Commercial Cleaning on Schedule C of his individual Federal income tax returns. Petitioner reported that Commercial Cleaning received gross receipts in the respective amounts of $ 62,000, $ 58,000, and $ 40,519 in 1983, 1984, and 1985. Commercial Cleaning utilized subcontractors, rather than employees, to do the actual cleaning of businesses and buildings. Petitioner paid subcontractors directly from the cash Commercial Cleaning derived from its business contracts for rendering janitorial services. Petitioner testified that he paid subcontractors an amount equal to 80 percent of Commercial Cleaning's gross receipts. For taxable years 1983, 1984, and 1985, petitioner reported that Commercial Cleaning expended the respective amounts of $ 28,000, $ 26,000, and $ 14,000 on subcontracting fees. Petitioner characterized these amounts as cost of goods sold and deducted such from Commercial Cleaning's gross receipts for purposes of calculating its gross income in 1983, 1984, *407 and 1985. For taxable years 1983, 1984, and 1985, petitioner claimed additional amounts for cost of goods sold for materials, supplies, and other costs in the respective amounts of $ 7,500, $ 6,000, and $ 3,950. In these same taxable years, petitioner claimed Schedule C business expense deductions in the respective amounts of $ 15,500, $ 14,935, and $ 17,220. In taxable years 1983 and 1984, petitioner claimed Schedule A itemized deductions (in excess of the zero bracket amounts) in the respective amounts of $ 1,505 and $ 4,181 and claimed qualified earned income deductions pursuant to section 221 in the respective amounts of $ 550 and $ 504. Petitioner was not entitled to the section 221 deductions because his wife, Nadine L. Danner, was not employed in 1983 or 1984. In 1987, respondent began auditing petitioner's 1983, 1984,and 1985 individual income tax returns. In auditing these returns, respondent was unable to determine petitioner's correct taxable income, deductions, and other items from the books and records which petitioner maintained and submitted to respondent for examination. Respondent reconstructed petitioner's 1983 through 1985 taxable income by using the bank *408 deposits method. Utilizing this method, respondent determined that Commercial Cleaning had gross receipts in taxable years 1983, 1984, and 1985, in the respective amounts of $ 54,051, $ 42,948.02, and $ 40,109. As a result, respondent reduced the amount of gross receipts as reported by petitioner by $ 7,949, $ 15,051.98, and $ 410 in 1983, 1984, and 1985, respectively. In reconstructing petitioner's taxable income, respondent allowed petitioner's Schedule C business expense deductions and cost of goods sold to the extent petitioner could substantiate such. Petitioner substantiated $ 10,659.88, $ 13,958.79, and $ 10,972.34 of Schedule C business expense deductions for taxable years 1983 through 1985, respectively. Petitioner was unable to substantiate any of the amounts claimed as cost of goods sold for subcontracting fees, supplies, materials, and other costs in the respective, cumulative amounts of $ 35,500, $ 32,000, and $ 17,950 in 1983, 1984, and 1985. In October 1988, respondent issued a joint notice of deficiency to petitioner and his wife, Nadine L. Danner, in which respondent determined that: (1) Petitioner is not entitled to reduce the gross receipts derived by Commercial *409 Cleaning for cost of goods sold in taxable years 1983, 1984, and 1985, in the respective amounts of $ 35,500, $ 32,000, and $ 17,950; (2) petitioner is not entitled to Schedule C business expense deductions in taxable years 1983, 1984, and 1985, in the respective amounts of $ 4,841, $ 976.21, and $ 6,248; (3) petitioner failed to report interest income in taxable year 1983 in the amount of $ 36; (4) petitioner is not entitled to Schedule A itemized deductions (in excess of the zero bracket amounts) in taxable years 1983 and 1984 in the respective amounts of $ 1,500 and $ 4,181; (5) petitioner is not entitled to a qualified earned income deduction pursuant to section 221 for taxable years 1983 and 1984 in the respective amounts of $ 550 and $ 504; (6) petitioner is entitled to deduct charitable contributions in the amount of $ 8 and $ 33 for 1984 and 1985, respectively, and is entitled to an investment tax credit in 1984 in the amount of $ 720; and (7) petitioner is liable for additions to tax for negligence and a substantial understatement of income tax in each of the years at issue. In January 1989, petitioner filed his petition for redetermination with this Court. This case was *410 originally set for trial on June 11, 1990. At the June 11, 1990, hearing, we orally granted petitioner's motion for continuance and restored this case to the general docket for further trial or other disposition. The Court granted petitioner's motion to continue in part because petitioner was unable to obtain his subcontractors' tax returns in order to substantiate his deductions for cost of goods sold pertaining to subcontracting fees. The Court advised petitioner that he should be prepared for the next scheduled trial date and if he were not, a decision would be entered against him. Trial of the instant case was rescheduled for and held on November 4, 1991. Prior to the November 1991 trial, petitioner attempted to obtain copies of his subcontractors' tax returns from his subcontractors, but these persons maintained no copies of their returns. OPINION Issue 1. Cost of Goods Sold
In taxable years 1983, 1984, and 1985, petitioner reduced the amount of gross receipts derived by Commercial Cleaning in the respective amounts of $ 35,500, $ 32,000, and $ 17,950 for cost of goods sold. Of these amounts, petitioner claimed that $ 28,000, $ 26,000, and $ 14,000 represented *411 amounts expended on subcontracting services and that the remaining $ 7,500, $ 6,000, and $ 3,950 represented amounts expended on materials, supplies, and other costs. Through the course of respondent's examination of petitioner's returns, petitioner presented no books and records to respondent that substantiated any of the amounts claimed by petitioner for cost of goods sold. Regarding the amounts pertaining to subcontracting fees, petitioner testified that he paid subcontractors an amount equal to 80 percent of Commercial Cleaning's gross receipts. Petitioner reported gross business receipts of $ 62,000, $ 58,000, and $ 40,519 respectively, in taxable years 1983, 1984, and 1985. Eighty percent of these gross receipts is $ 49,600, $ 46,400, and $ 32,415, respectively. Because these amounts do not even approximately correspond to those reported by petitioner as subcontracting fees, we find that petitioner did not pay subcontractors 80 percent of the gross receipts derived by Commercial Cleaning for janitorial services rendered. Petitioner has presented no other evidence to substantiate the amounts allegedly expended by Commercial Cleaning on subcontracting services in the years *412 at issue. Petitioner contends that he would have been able to substantiate the amounts expended on subcontracting fees had he been able to acquire his subcontractors' tax returns. Petitioner was unable to acquire these returns from his subcontractors because they did not maintain copies of their returns. At the June 1990 hearing, petitioner asserted his inability to acquire these returns as grounds for a continuance. We advised petitioner at this hearing that a decision would be rendered against him should he not be prepared for trial at the next scheduled trial date. At the November 1991 trial, petitioner called no subcontractors to testify on his behalf regarding the amounts paid to them and offered no explanation for his failure to do so. We find that petitioner did not exert a sufficiently diligent effort to obtain substantiation of the amounts allegedly expended on subcontracting fees. In sum, petitioner has failed to provide any evidence substantiating the amounts allegedly expended on subcontracting services in the years at issue. Petitioner has also failed to provide any evidence to substantiate the amounts expended for materials, supplies, and other costs in the taxable *413 years at issue. Accordingly, we sustain respondent's determination on this issue. See Rule 142(a). Issue 2. Schedule C Business Expense Deductions
For taxable years 1983, 1984, and 1985, petitioner claimed Schedule C business expense deductions in the respective amounts of $ 15,500, $ 14,935, and $ 17,220. In the course of respondent's examination of petitioner's tax returns, petitioner was able to substantiate $ 10,659.88, $ 13,958.79, and $ 10,972.34, respectively, of these claimed deductions. Respondent accordingly allowed petitioner's Schedule C business expense deductions to these extents but disallowed the remaining $ 4,841, $ 976.21, and $ 6,248 for taxable years 1983, 1984, and 1985, respectively. At the November 1991 trial, petitioner introduced no evidence to substantiate these remaining business expense deductions. Accordingly, we sustain respondent's determination that petitioner is not entitled to Schedule C business expense deductions in taxable years 1983, 1984, and 1985, in the respective amounts of $ 4,841, $ 976.21, and $ 6,248. Rule 142(a). Issue 3. Interest Income
Respondent determined that petitioner failed to report interest income in *414 taxable year 1983 in the amount of $ 36. Petitioner introduced no evidence to dispute respondent's determination. Accordingly, we sustain respondent's determination on this issue. Rule 142(a). Issue 4. Schedule A Itemized Deductions
Respondent determined that petitioner is not entitled to Schedule A itemized deductions in taxable years 1983 and 1984 in the respective amounts of $ 1,500 and $ 4,181. Petitioner introduced no evidence to dispute respondent's determination. Accordingly, we sustain respondent's determination on this issue. Rule 142(a). Issue 5. Additions to Tax
Respondent determined that for each of the years at issue petitioner was liable for additions to tax for negligence pursuant to section 6653(a)(1) and (2) and for the addition to tax for a substantial understatement of income tax pursuant to section 6661. Petitioner submitted no evidence on these issues and thus has failed to carry his burden of proof thereto. See Rule 142(a). Accordingly, we sustain respondent's determination that petitioner is liable for these additions to tax in each of the years at issue. To reflect the foregoing, Decision will be entered for respondent *415 . Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩